UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL WARNER, Private Investigator,

    Plaintiff,

v.                                         Case No: 8:11-CV-0128-T-17EAJ

ERIC E. SCHMIDT, et al.,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Pamela Geller's Motion to Dismiss. (Doc. 19). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** with leave to amend.

## BACKGROUND AND PROCEDURAL HISTORY

On May 1, 2009, Plaintiff, Bill Warner ("Warner"), filed a pro se action for damages in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, against Defendants Eric E. Schmidt, Phyllis Barr, Khalim Massoud, Jane Doe, and Muslims Against Sharia, alleging libel, defamation and impersonation. (Doc. 3). On January 10, 2011, Warner amended his Complaint to "add" Defendant Pamela Geller ("Geller"). (Doc. 2). Shortly thereafter, on January 19, 2011, Geller removed the action to this Court. (Doc. 1). Geller then proceeded to file the present Motion to Dismiss on February 8, 2011. (Doc. 19).

1

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint lay out "a short and plain statement of the claim showing that the pleader is entitled to relief." That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007) (internal quotation marks and citation omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, courts must follow a simple, two-pronged approach: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Id. at 1290 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). In short, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

## DISCUSSION

Although pro se filings are treated with increased leniency, Warner must comply with the Federal Rules of Civil Procedure and satisfy the pleading requirements set forth by Rule 8. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989). Thus, to survive a motion to dismiss in the present case, the elements of defamation, "(1) publication; (2)

2

falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory," Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008), must be plead to the Iqbal standard.

In the case at hand, Warner's Amended Complaint satisfactorily pleads the publication element of defamation by claiming that on January 7, 2011, Geller posted to her website various allegedly defamatory assertions regarding Warner. (Doc. 2). However, Warner does not claim that Geller's statements were false; thus, the Amended Complaint fails to plead the required elements of both falsity and that the defendant had actual knowledge of the falsity of her claims. Moreover, while Warner claims that his "reputation has been ruined by the Defendant Pamela Geller," he has failed to assert any facts that establish actual damage to his reputation resulting from Geller's statements on her January 7, 2011, website post. Therefore, because facts that would support all of the elements of defamation are not pleaded in Warner's Amended Complaint in accordance with the Iqbal standard, Geller's Motion to Dismiss is **GRANTED**. Accordingly, it is **ORDERED** that Defendant Pamela Geller's Motion to Dismiss (Doc. 19) be **GRANTED**, with leave to file an amended complaint within fourteen days.

DONE AND ORDERED in Chambers, in Tampa, Florida this 15th of July, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.